UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY DAUBNER</br></br>Plaintiff,</br></br>v.</br></br>SMITH & NEPHEW, INC., aka SMITH & NEPHEW RICHARDS, INC.,</br></br>Defendants. | Civil No. 06cv2461 L (NLS)</br></br>**ORDER GRANTING IN PART AMENDED JOINT MOTION TO AMEND SCHEDULING ORDER**</br></br>***</br></br>**FIRST AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**</br></br>[Doc. No. 15] |

On May 8, 2007, the parties filed a joint motion to amend the February 16, 2007 Scheduling Order. [Doc. No. 13.] The Court denied that motion because the parties did not set forth any good cause to continue the dates. [Doc. No. 14.] The Court said the parties could re-file the motion, but would have to set forth good cause and inform the Court of the specific discovery they have undertaken thus far. The parties then filed this amended joint motion to amend the Scheduling Order. [Doc. No. 15.]

The Court finds that the parties' submitted good cause–that plaintiff is in the process of retaining a new expert and defendant needs time to conduct an inspection before retaining an expert–is unacceptable to continue the requested dates for ten weeks. Further, the parties did not inform the Court of the specific discovery they have done.

/ / /

1    Having considered the parties' joint motion, the Court **GRANTS** the joint motion **IN
2 PART** and continues the requested dates for approximately 30 days.
3    **IT IS HEREBY ORDERED**:
4    1.    Any future requests to continue dates in the Scheduling Order will require (1) the
5 *personal appearance* of the parties' counsel in this Court; (2) a *sufficient* showing of good cause;
6 and (3) a *detailed list* of the discovery the parties have undertaken.
7    2.    The parties shall designate their respective experts in writing by ***June 15, 2007***.
8 The parties must identify any person who may be used at trial to present evidence pursuant to
9 Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.
10 The date for exchange of rebuttal experts shall be on or before ***June 29, 2007***.  The written
11 designations shall include the name, address and telephone number of the expert and a reasonable
12 summary of the testimony the expert is expected to provide. The list shall also include the normal
13 rates the expert charges for deposition and trial testimony.
14    3.    On or before ***August 16, 2007***, each party shall comply with the disclosure
15 provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure
16 requirement applies to all persons retained or specially employed to provide expert testimony, or
17 whose duties as an employee of the party regularly involve the giving of expert testimony.
18    4.    Any party shall supplement its disclosure regarding contradictory or rebuttal
19 evidence under Rule 26(a)(2)(c)on or before ***September 11, 2007***.
20    5.    All discovery, including experts, shall be completed by all parties on or before
21 ***November 16, 2007***.  "Completed" means that all discovery under Rules 30-36 of the Federal
22 Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient
23 period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date,
24 taking into account the times for service, notice and response as set forth in the Federal Rules of
25 Civil Procedure.  Counsel shall promptly and in good faith meet and confer with regard to all
26 discovery disputes in compliance with Local Rule 26.1(a).  All discovery motions shall be filed
27 within 30 days after counsel have met and conferred and reached an impasse with regard to any
28 particular discovery issue, but in no event shall discovery motions be filed more than 30 days after

1  the close of discovery.

2      6.    All other pretrial motions must be filed on or before ***December 14, 2007***.  Please be
3  advised that counsel for the moving party must obtain a motion hearing date from the law clerk of
4  the judge who will hear the motion.  Be further advised that the period of time between the date
5  you request a motion date and the hearing date may vary from one district judge to another.  Please
6  plan accordingly.  Failure to make a timely request for a motion date may result in the motion not
7  being heard.

8      7.    All non-conflicting provisions in the Court's February 16, 2007 Scheduling Order
9  shall remain in full force and effect.

10  **IT IS SO ORDERED.**

11  DATED:  May 16, 2007

13  Hon. Nita L. Stormes
U.S. Magistrate Judge