1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                SOUTHERN DISTRICT OF CALIFORNIA

10

KIMBERLY DAUBNER                        )        Civil No. 06cv2461 L (NLS)
11                                       )
                          Plaintiff,     )        **ORDER RE: JOINT MOTION TO**
12   v.                                  )        **AMEND FIRST AMENDED**
                                         )        **SCHEDULING ORDER;**
13   SMITH & NEPHEW, INC., aka SMITH &   )
     NEPHEW RICHARDS, INC.,              )        [Doc. No. 17]
14                                       )
                          Defendants.    )        **<u>SECOND</u> AMENDED SCHEDULING**
15                                       )        **ORDER**
                                         )
16                                       )
                                         )
17   _____)

18           Before the Court is a Joint Motion to Amend the First Amended Scheduling Order [Doc.

19   No. 17], in which the parties request for a third time the extension of remaining discovery

20   deadlines and the pre-trial motions filing deadline in this case.  The Court denied the parties' first

21   request of May 8, 2007 [Doc. No. 13] because they failed to state any good cause in their joint

22   motion to support the requested continuance.  In its order denying the motion, the Court warned

23   the parties that any future requests for extensions of scheduling order deadlines would have to be

24   supported by good cause and a report of the specific discovery conducted.  (*See May 10, 2007*

25   *Order Denying Joint Motion*, Doc. No. 14.)  On May 14, 2007, the parties filed an Amended Joint

26   Motion [Doc. No. 15], once again seeking the scheduling order deadline extensions, in which they

27   set forth some good cause for the request, but failed to report on discovery.  The Court granted a

28   continuance of only thirty days instead of the requested ten weeks, and ordered that any future

1   requests to continue dates would require the personal appearance of the parties' counsel in Court, a

2   sufficient showing of good cause and a detailed list of the discovery undertaken.  (*See May 16,*

3   *2007 Order Granting Amended Motion in Part*, Doc. No. 16.)

4            On May 25, 2007, the parties filed the Joint Motion currently before the Court.  A

5   hearing on the motion was held on June 12, 2007.  Based on the oral representations made by

6   counsel for the parties during the hearing, and good cause appearing, the Joint Motion [Doc. No.

7   17] is **GRANTED** in substantial part, and **IT IS HEREBY ORDERED THAT**:

8        1.   Plaintiff shall provide the component part at issue to Defendants on or before

9             ***June 22, 2007***.

10       2.   Plaintiff shall designate her respective experts in writing on or before

11            ***June 22, 2007***.  Plaintiff must identify <u>any</u> person who may be used at trial to

12            present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This

13            requirement is <u>not</u> limited to retained experts.

14       3.   Defendants shall complete their examination of the component part at issue on or

15            before ***July 22, 2007***.

16       4.   Defendants shall designate their respective experts in writing on or before ***August***

17            ***1, 2007***.  Defendants must identify <u>any</u> person who may be used at trial to present

18            evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement

19            is <u>not</u> limited to retained experts.

20       5.   The date for exchange of rebuttal experts shall be on or before ***August 20, 2007***.

21            The written designations shall include the name, address and telephone number of

22            the expert and a reasonable summary of the testimony the expert is expected to

23            provide. The list shall also include the normal rates the expert charges for

24            deposition and trial testimony.

25       6.   On or before ***September 28, 2007***, each party shall comply with the disclosure

26            provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.

27            This disclosure requirement applies to all persons retained or specially employed to

28            provide expert testimony, <u>or</u> whose duties as an employee of the party regularly

1    involve the giving of expert testimony.

2    7.    Any party shall supplement its disclosure regarding contradictory or rebuttal

3          evidence under Rule 26(a)(2)(c)on or before ***October 19, 2007***.

4    8.    All discovery, including experts, shall be completed by all parties on or before

5          ***December 26, 2007***.  "Completed" means that all discovery under Rules 30-36 of

6          the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must

7          be initiated a sufficient period of time in advance of the cut-off date, *so that it may*

8          *be completed* by the cut-off date, taking into account the times for service, notice

9          and response as set forth in the Federal Rules of Civil Procedure.  Counsel shall

10         promptly and in good faith meet and confer with regard to all discovery disputes in

11         compliance with Local Rule 26.1(a).  All discovery motions shall be filed within 30

12         days after counsel have met and conferred and reached an impasse with regard to

13         any particular discovery issue, but in no event shall discovery motions be filed

14         more than 30 days after the close of discovery.

15   9.    All other pretrial motions must be filed on or before ***January 25, 2008***.  Please be

16         advised that counsel for the moving party must obtain a motion hearing date from

17         the law clerk of the judge who will hear the motion.  Be further advised that the

18         period of time between the date you request a motion date and the hearing date may

19         vary from one district judge to another.  Please plan accordingly.  Failure to make a

20         timely request for a motion date may result in the motion not being heard.

21   10.   All non-conflicting provisions in the Court's February 16, 2007 Scheduling Order

22         shall remain in full force and effect.

23         **IT IS SO ORDERED.**

24   DATED:  June 12, 2007

25

26                                          Hon. Nita L. Stormes
                                            U.S. Magistrate Judge
27

28