```
 1  Carolyn Taylor, Esq., (State Bar No. 159347)
    Gay L. Meixel, Esq. (State Bar No. 227245)
 2  MORRIS POLICH & PURDY, LLP
    501 West Broadway, Suite 500
 3  San Diego, CA 92101-3544
    Telephone: (619) 557-0404
 4  Facsimile: (619) 557-0460
    Ctaylor@mpplaw.com
 5
 6  Attorneys for Defendant Smith & Nephew, Inc.
    (erroneously sued as Smith & Nephew, Inc.,
 7  aka Smith & Nephew Richards, Inc.)
```

FILED
07 JUL 25 AM 10: 49
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY DAUBNER,<br><br>Plaintiff,<br><br>v.<br><br>SMITH & NEPHEW, INC., aka SMITH & NEPHEW RICHARDS, INC., a corporation; and Does 1 to 50, Inclusive<br><br>Defendants. | CASE NO. 06 CV 2461L NLS<br><br>STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION AND ▮▮▮▮▮▮ ORDER |

### ORDER

WHEREAS, the parties hereto have stipulated to the entry of this Protective Order to protect confidential documents produced by Defendant Smith & Nephew, Inc. (erroneously sued as Smith & Nephew, Inc., aka Smith & Nephew Richards, Inc.) (hereinafter "Smith & Nephew") and for good cause shown, IT IS HEREBY AGREED that each of the parties and their respective counsel shall be governed by the following terms and conditions concerning Confidential Information in the above-captioned action:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Prior to giving access to any person falling within subparagraphs 6(d) or 6(f) or 6(g) to Discovery Material designated as confidential pursuant to paragraph 2 of

1  this Order, counsel for the party intending to disclose such confidential Discovery
2  Material shall furnish a copy of this Order to the person being given access. Any person
3  falling within subparagraphs 6(d) or 6(f) or 6(g) being given access to Confidential
4  Discovery Material shall execute a copy of this Protective Order in the space provided
5  on Exhibit A. The counsel obtaining the signature on Exhibit A shall retain the signed
6  copy during the pendency of the Litigation.
7       2.   Persons producing Discovery Material may designate as confidential
8  Discovery Material containing trade secrets or other confidential research, development,
9  proprietary or commercial information ("Confidential Discovery Material") only to the
10 extent that such designation falls within the scope of discovery pursuant to the
11 applicable Rules of Civil Procedure and Code of Civil Procedure.
12      3.
13           a.   Confidential Discovery Material, if a writing, shall have the
14 following language stamped on the face or the back of the writing, or shall otherwise
15 have such language clearly marked:

> "THIS IS A CONFIDENTIAL DOCUMENT PRODUCED IN THE CASE OF DAUBNER v. SMITH & NEPHEW, INC., ET AL., UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, CASE NO. 06CV2461L. THIS DOCUMENT BELONGS TO SMITH & NEPHEW, INC. AND IS ONLY BEING USED IN CONNECTION WITH THIS CASE. THE DOCUMENT IS PRODUCED PURSUANT TO A PROTECTIVE ORDER IN CONNECTION WITH DISCLOSURE OF CONFIDENTIAL INFORMATION AND IS ONLY TO BE USED PURSUANT TO THE TERMS SET FORTH THEREIN. THE DOCUMENT MAY NOT BE DISSEMINATED OR REPRODUCED IN ANY WAY THAT IS INCONSISTENT WITH THE PROTECTIVE ORDER."

25           b.   In the case of deposition testimony, confidentiality designations shall
26 be made within thirty (30) days after the transcript has been received by counsel making
27 the designation, and shall specify the testimony being designated confidential by page
28 and line number(s). Until the expiration of such 30-day period, the entire text of the

-2-
STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER
Case No. 06CV 2461L NLS

07/06/07   FRI 11:47   [TX/RX NO 7021]

deposition including all testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked confidential), shall be treated as confidential under this Protective Order. After the expiration of the 30-day period, only the specific page(s) and line number(s) and exhibits, designated as being confidential, if any, shall be treated as confidential.

    c.    In the event that the producing person inadvertently fails to designate Discovery Material as confidential in this litigation, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with paragraph 10 hereof. However, no use of Discovery Material prior to such notification shall be deemed a violation of this Order.

    4.    In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. Counsel for the deponent shall, either at the deposition or within thirty (30) days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing, that the information provided in such answer is confidential.

    5.    All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

    6.    Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

    a.    The Court (and any appellate court), including court personnel, jurors, and alternate jurors.

///

　　　b.　With respect to Confidential Discovery Material produced by Smith & Nephew, plaintiffs' attorneys in this Litigation, including the paralegal, clerical, secretarial and other staff employed or retained by such counsel.

　　　c.　Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts.

　　　d.　Retained experts, advisors and consultants (including persons directly employed by such experts, advisors and consultants), but only to the extent necessary to perform their work in connection with this Litigation.

　　　e.　The author or recipient of the Confidential Discovery Material.

　　　f.　Such persons as the undersigned counsel shall consent to in writing before the proposed disclosure.

　　　g.　Any person whose testimony has been noticed or subpoenaed, or who has been designated as a witness at a deposition or at trial. The Confidential Discovery Material may be disclosed to such persons before, during or after their testimony, so long as prior to the disclosure the witness has agreed to abide by the terms of this Protective Order as set forth in paragraph 2 and the disclosure is made in good faith. However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged or in the future may be engaged in the research, development, manufacture or sale of any product that competes with or is similar to any and all products researched, developed, manufactured or sold by Smith & Nephew, including but not limited to Smith & Nephew's Reflection Shell and Reflection Liner, the party seeking the testimony must also first receive the written consent of the counsel for the party disclosing the Confidential Discovery Material, or obtain an Order from the Court permitting the disclosure to the witness.

　　　h.　In addition, the parties may view Confidential Discovery Material so long as prior to the disclosure the individual wishing to view the material has agreed to abide by the terms of this Protective Order as set forth in Paragraph 2.

7. All outside counsel, in-house counsel, plaintiff's counsel, defendant's counsel, in-house paralegals and the employees and assistants of all counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Order.

8. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

9.

    a. All Discovery Material designated as confidential under this Order, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

        i.) The producing party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

        ii.) This Court enters an Order that the matter shall not be entitled to confidential status and that Order is not subject to an appellate stay within twenty (20) days after it is issued.

    b. In the event that Discovery Material marked as confidential loses its confidential status, that Discovery Material shall not be treated as confidential. The producing party shall re-produce the Discovery Material with a new bates number, and without a confidential marking.

    c. The parties shall negotiate in good faith before filing any motion relating to this Order.

10.

    a. Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

///

      b.    The Court may modify the protective order in the interests of justice or for public policy reasons.

11.    The terms of this Order shall survive and remain in effect after the termination of this Litigation. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this Litigation.

12.    Within thirty (30) days of the termination of this Litigation as to the producing party, including all appeals, the parties shall return to counsel for the producing party the Confidential Discovery Material produced by the other party and all copies thereof.

13.    This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Discovery Material at a hearing or trial.

14.    <u>Jurisdiction and Choice of Law</u>. The parties and any other person or entity subject to the terms of this Order agree that the United States District Court, Southern District of California shall have jurisdiction over it and them for the purposes of enforcing this Agreement, notwithstanding any subsequent disposition of this Action. The parties and any other person or entity subject to the terms of this Agreement further agree that California law shall govern any action to enforce relating to this Agreement.

15.    This Confidentiality Agreement may be signed in counterparts.

Dated: June    , 2007

THORSNES BARTOLOTTA McGUIRE

By: _____
Kevin F. Quinn
Alyson B. Taub
Attorneys for Plaintiff
Kimberly Daubner

-6-
STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER
Case No. 06CV 2461L NLS

1 | Dated: ~~June~~ July 8, 2007      MORRIS POLICH & PURDY, LLP

By: /s/ Carolyn Taylor
Carolyn Taylor
Gay L. Meixel
Attorneys for Defendant
Smith & Nephew, Inc.

**IT IS SO ORDERED.**

Dated: 7-23-07

/s/ Nita L. Stormes
Magistrate Judge Nita L. Stormes
United States District Court
Southern District of California

# EXHIBIT A

## ENDORSEMENT OF PROTECTIVE ORDER

  I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Protective Order for the Protection of Confidential Information dated _____, _____ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Protective Order, indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

  I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

  I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

  I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United State District Court, Southern District of California for the purposes of any proceedings relating to enforcement of the Protective Order.

  I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

Dated: _____

Signed: _____

K:\WDDOCS\1875\27219\SD011822.DOC